IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00442-MR

| | |
|---|---|
| KIMBERLY MICHELLE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KEVIN LAMBERT, ) | ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I. BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Anson Correctional Institution, where she still resides. The Plaintiff names as the sole Defendant Kevin Lambert, a unit manager at Anson CI.[1] She claims that Defendant Lambert gave her privileges in exchange for sexual favors and, when she attempted to stop this arrangement, he "became violent," began "writing [her] up and threatening [her]," and prevented her from

---

[1] According to the Plaintiff, Defendant Lambert resigned following an investigation. [Doc. 1 at 4].

moving to another unit. [Doc. 1 at 2-3]. For injury, the Plaintiff claims that she experienced fear, extreme depression, and emotional distress. [Id. at 3]. She seeks damages for "emotional distress and sexual assault." [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Construing the allegations liberally, the Plaintiff appears to assert § 1983 claims for sexual abuse and retaliation, and claims under North Carolina law for assault and battery.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "There can be little doubt that sexual abuse is repugnant to contemporary standards of decency, and that allegations of sexual abuse can amount to an Eighth Amendment violation." Jackson v. Holley, 666 F. App'x 242, 244 (4th Cir. 2016); see Woodford v. Ngo, 548 U.S. 81, 118 (2006) (Stevens, J., dissenting) ("Accordingly, those inmates who are sexually

3

assaulted by guards, or whose sexual assaults by other inmates are facilitated by guards, have suffered grave deprivations of their Eighth Amendment rights."); Farmer v. Brennan, 511 U.S. 825, 834 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." (internal quotation marks omitted)).

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in her favor, the Plaintiff's claim of sexual abuse is not clearly frivolous. The Court will exercise supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims at this time. See 28 U.S.C. § 1367.

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) she engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected her First Amendment rights, and (3) there was a causal relationship between her protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

4

Case 3:23-cv-00442-MR   Document 9   Filed 08/21/23   Page 4 of 6

Moreover, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Taking the Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in her favor, Plaintiff's retaliation claim is not clearly frivolous.

## IV. CONCLUSION

In sum, the Plaintiff's § 1983 claims for sexual abuse and retaliation pass initial review, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc. 1] passes initial review against Defendant Lambert under § 1983 for sexual abuse and retaliation, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant **Kevin Lambert**, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case. No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: August 18, 2023

Martin Reidinger
Chief United States District Judge