IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00442-MR

| | |
|---|---|
| KIMBERLY MICHELLE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALBERT KEITH LAMBERT, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Anson Correctional Institution, where Plaintiff resided at the time. [Doc. 1]. The Complaint passed initial review on the Plaintiff's claims for sexual abuse and retaliation against Defendant Kevin Lambert,[1] and the Court exercised supplemental jurisdiction over Plaintiff's assault and battery claims against him. [Doc. 9]. The Defendant was served and, on December 7, 2023, the Court extended

---

[1] The Plaintiff brought this action against a defendant identified as Kevin Lambert. The NCDAC has informed the Court that the employee who was employed at the time and place identified by the Plaintiff as Kevin Lambert is actually Albert Keith Lambert. [Doc. 15]. The caption is here corrected.

his time to answer the Complaint until January 8, 2024. [See Dec. 7, 2023 Text-Only Order].

On December 15, 2023, the Court took note that a mailing to the Plaintiff's address of record at Anson CI was returned as undeliverable.[2] [Dec. 15, 2023 Text-Only Notice]. The Plaintiff was directed to update her change of address with the Court within 14 days of the Notice. [Id.]. She was cautioned that "[f]ailure to promptly notify the Clerk of any such change … may result in the dismissal of the pro se plaintiff's action." [Id.; see also Doc. 3 (Order of Instructions cautioning Plaintiff that "[i]f the Plaintiff's address changes and no Notice [of Change of Address] is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution")]. The Notice, too, was returned as undeliverable. [Doc. 21].

The Plaintiff has failed to update her address with the Court, and the time to do so has expired. The Plaintiff appears to have abandoned this action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

---

[2] According to the North Carolina Department of Public Safety's website, the Plaintiff was released on November 27, 2023. See NC DAC Offender Public Information (state.nc.us) (last accessed Jan. 11, 2024); Fed. R. Evid. 201.

move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge